# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                     **CRIMINAL NO.**

**VERSUS**

**AHAOMA BONIFACE OHIA**                         **13-139-SDD-EWD**

## ORDER

Before the Court is Request for Federal Public Defender, filed by Ahaoma Ohia ("Ohia") in conjunction with a request for compassionate release consideration.[1] Ohia has not shown that he is entitled to counsel or that the interests of justice require appointment of counsel at this time, accordingly, Ohia's request to appoint the Office of the Federal Public Defender to represent him in connection with a request for compassionate release consideration will be denied.

On October 9, 2013, Ohia was indicted on seven counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2.[2] The Federal Public Defender's Office was appointed to represent Ohia on November 1, 2013,[3] and Ohia was represented by court-appointed counsel through trial and sentencing. Ohia was convicted on all seven counts on June 12, 2014, following a jury trial[4] and sentenced to a total prison term of 156 months, followed by a 2 year term of supervised release, as well as ordered to pay $700 in assessments and restitution totaling $1,239,283.58.[5] Ohia's conviction and sentence was affirmed by the United States Court of Appeals for the Fifth Circuit.[6] On April 28, 2016, Ohia also sought post-conviction relief via a Motion Under 28 U.S.C. § 2255

---

[1] R. Doc. 171.
[2] R. Doc. 1.
[3] R. Doc. 8. Joseph K. Scott III, a Criminal Justice Act panel attorney, replaced the Assistant Federal Public Defender as counsel for Defendant on December 12, 2013. R. Doc. 27.
[4] R. Doc. 76.
[5] R. Doc. 107.
[6] R. Doc. 141.

to Vacate, Set-Aside or Correct Sentence by Person in Federal Custody,[7] which was denied by this Court on March 22, 2017.[8]

On May 11, 2020, the Chief District Judge of this Court issued General Order 2020-8.[9] General Order 2020-8 sets forth this Court's procedure for "efficiently" processing "motions and petitions raising potential claims for relief under Section 603 (compassionate release) of the 2018 First Step Act, codified under Title 18 U.S.C. § 3582(c)(1)(A)."[10] Specifically, under General Order 2020-08, any motion or petition raising potential claims for compassionate release filed "pro se by a defendant previously determined to have been entitled to appointment of counsel and any defendant who is now indigent" are automatically referred to the Federal Public Defender ("FPD") for the Middle District of Louisiana for screening purposes.[11] The FPD is required to screen any such motions/petition "to determine whether the defendant may qualify for relief under Section 603 of the First Step Act (18 U.S.C. § 3582(c)(1)(A)), and in appropriate cases, to enroll and present any petitions, motions, or applications to the Court for disposition."[12] The FPD has fifteen (15) days to screen such motions/petitions and "file a motion to enroll as counsel or to request appointment of counsel from the Criminal Justice Act panel in the case of a prohibitive conflict that would prevent FPD representation of a client or other good cause supports appointment of outside counsel."[13] In cases where the FPD or a CJA Panel Attorney files a motion under General Order 2020-8, the Order also establishes a framework by which the United States Attorney's Office

---

[7] R. Doc. 145.
[8] R. Doc. 153.
[9] General Order No. 2020-8 – Procedural General Order Regarding Requests for Compassionate Release, United States District Court for the Middle District of Louisiana, signed by Chief District Judge Shelly D. Dick on May 11, 2020.
[10] *Id*.
[11] *Id*. at p. 1.
[12] *Id*.
[13] *Id*. at pp. 1-2.

2

is notified and time periods are set for each side to submit briefing to the Court.[14] However, if, after the expiration of the FPD's fifteen-day screening period, no motion to enroll is filed by the FPD or CJA panel attorney, then the defendant "will proceed *pro se* and the Court will thereafter review and rule on any pending Compassionate Release matters and issue any necessary orders."[15]

Ohia, who was "previously determined to have been entitled to appointment of counsel," has filed a request for compassionate release *pro se*. Thus, under General Order 2020-8, the request was sent to the FPD for screening to determine whether Ohia may qualify for relief under 18 U.S.C. § 3582(c)(1)(A) and, if appropriate, to enroll and present the compassionate relief request to the Court for disposition. The fifteen-day screening period has expired and the FPD did not enroll. General Order 2020-8 provides that Ohia shall present the Motion for Compassionate Release *pro se*, if the FPD or a CJA panel attorney do not enroll and present the motion after the expiration of the fifteen-day screening period.  Further, as noted by another court in this Circuit, "the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue. Notably, however, the Fifth Circuit has found that 'a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings.'"[16]  In *Dirks*, the court went on to hold that "[t]he above holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court. Moreover, because 'the constitutional right to counsel extends only through the defendant's

---

[14] *Id*. at pp. 2-3.
[15] *Id*.
[16] *United States v. Dirks*, No. 14-374, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020), *citing United States v. Hereford*, 385 Fed. App'x 366, 368 (5th Cir. 2010) (*per curiam*) *(citing United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under § 3582(c)(2) are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A)).

first appeal,' and not to post-conviction relief, a Sixth Amendment right to appointed counsel does not attach to motions filed under § 3582(c)(1)(A)."[17]

As Ohia has not statutory or constitutional right to appointed counsel to assist in presentation of a motion for compassionate release,

**IT IS ORDERED** that the Request for Federal Public Defender,[18] filed by Ahaoma Boniface Ohia, is **DENIED** to the extent it seeks appointment of counsel but will be construed by the Court as a motion for compassionate release. The Clerk of Court is **INSTRUCTED** to docket the Request for Federal Public Defender[19] as a motion for compassionate release.

**IT IS FURTHER ORDERED** that Ahaoma Boniface Ohia shall complete and return the attached form for Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(Compassionate Release)(*Pro se* Prisoner) by no later than **September 15, 2020.**

**Failure to timely complete and submit the attached form may result in denial of the motion for compassionate release without further notice.**

Signed in Baton Rouge, Louisiana, on August 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *Dirks*, 2020 WL 3574648, at *2, citing *Whitebird*, 55 F.3d at 1011; *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief). *Cf. U.S. v. Franks*, 31 Fed.Appx. 833, at *1 (5th Cir. 2002), *citing U.S. v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (finding that a defendant is not entitled to assistance of counsel where the district court modified his sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)).
[18] R. Doc. 171.
[19] R. Doc. 171.

UNITED STATES DISTRICT COURT
FOR THE
_____ DISTRICT OF _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **Case No.** _____ <br> (write the number of your criminal case) |
| v. <br><br> _____ <br> Write your full name here. | **MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)** <br> (*Pro Se* Prisoner) |

---

**NOTICE**

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☐ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

I.      SENTENCE INFORMATION

Date of sentencing:

Term of imprisonment imposed: ____

Approximate time served to date: ____

Projected release date: ____

Length of Term of Supervised Release: ____

Have you filed an appeal in your case?

☐ Yes

☐ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

☐ No

II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☐ Yes, I submitted a request for compassionate release to the warden on _____.

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

Was your request denied by the Warden?

☐ Yes, my request was denied by the warden on (date): _____.

☐ No. I did not receive a response yet.

### III. GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

**A. Are you 70 years old or older?**

☐ Yes.

☐ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☐ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☐ Yes.

☐ No.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

☐ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

☐ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

☐ There are other extraordinary and compelling reasons for my release.

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

## IV.  ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| Additional medical information | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| ___ | ☐ Yes | | ☐ Yes | ☐ No |
| ___ | ☐ Yes | | ☐ Yes | ☐ No |

Page **5** of **6**

## V.   MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

_____           _____
Date                                                                          Signature

_____
Name

_____
Bureau of Prisons Register #

_____
Bureau of Prisons Facility

_____
Institution's Address

Page **6** of **6**

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# United States District Court
## for the
## _____ District of _____

UNITED STATES OF AMERICA

v.

_____
Write your full name here.

Case No. _____
(write the number of your criminal case)

## PROPOSED RELEASE PLAN
### In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

---

**NOTICE**

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

If you provide information in this document that you believe should not be publicly available, you may request permission from the court to file the document under seal. If the request is granted, the document will be placed in the electronic court files but will not be available to the public.

Do you request that this document be filed under seal?

☐ Yes

☐ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# PROPOSED RELEASE PLAN

To the extent the following information is available to you, please include the information requested below. This information will assist the U.S. Probation and Pretrial Services Office to prepare for your release if your motion is granted.

**A.  Housing and Employment**

Provide the full address where you intend to reside if you are released from prison:

_____

Provide the name and phone number of the property owner or renter of the address where you will reside if you are released from prison:

_____

Provide the names (if under the age of 18, please use their initials only), ages, and relationship to you of any other residents living at the above listed address:

_____

If you have employment secured, provide the name and address of your employer and describe your job duties:

_____

List any additional housing or employment resources available to you:

_____

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

B. **Medical needs**

Will you require ongoing medical care if you are released from prison?

☐ Yes

☐ No

Will you have access to health insurance if released?

☐ Yes

☐ No

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?

_____

If no, are you willing to apply for government medical services (Medicaid/Medicare)?

☐ Yes

☐ No

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

☐ Yes

☐ No

If yes, please include them with your motion. If no, where are the records located?

_____

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

Are you currently prescribed medication in the facility where you are incarcerated?

☐ Yes

☐ No

If yes, list all prescribed medication, dosage, and frequency:

_____

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

☐ Yes

☐ No

If yes, list equipment:

_____

Do you require assistance with self-care such as bathing, walking, toileting?

☐ Yes

☐ No

If yes, please list the required assistance and how it will be provided:

_____

Do you require assisted living?

☐ Yes

☐ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

If yes, please provide address of the anticipated home or facility and the source of funding to pay for it.

_____

Are the people you are proposing to reside with aware of your medical needs?

☐ Yes

☐ No

Do you have other community support that can assist with your medical needs?

☐ Yes

☐ No

Provide their names, ages, and relationship to you. If the person is under the age of 18, please use their initials only:

_____

Will you have transportation to and from your medical appointments?

☐ Yes

☐ No

Describe method of transportation:

_____

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

_____    _____
Date                                                   Signature

_____
Name

_____
Bureau of Prisons Register #

_____
Bureau of Prisons Facility

_____
Institution's Address

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# UNITED STATES DISTRICT COURT
## FOR THE
## _____ DISTRICT OF _____

UNITED STATES OF AMERICA

v.

**Case No.** _____
(write the number of your criminal case)

_____
Write your full name here.

## MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION
### In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

---

**NOTICE**

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

If you attach documents to this form that you believe should not be publicly available, you may request permission from the court to file those documents under seal. If the request is granted, the documents will be placed in the electronic court files but will not be available to the public.

Do you request that the attachments to this document be filed under seal?

☐ Yes

☐ No

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

# MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION

To the extent you have medical records or additional medical information that support your motion for compassionate release, please attach those records or that information to this document.

## SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

_____    _____
Date                              Signature

_____
Name

_____
Bureau of Prisons Register #

_____
Bureau of Prisons Facility

_____
Institution's Address