UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| VERSUS | |
| AHAOMA BONIFACE OHIA | NO. 13-00139-SDD-EWD |

**RULING AND ORDER**

This matter is before the Court on the Motion for Compassionate Release ("Motion")[1] filed by Defendant, Ahaoma Boniface Ohia ("Defendant") pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes this Motion.[2] For the following reasons the Motion is denied without prejudice for lack of jurisdiction.

**I.  BACKGROUND**

In 2014, the Defendant was sentenced to serve a total prison term of 156 months. The Defendant was transferred to home confinement on August 11, 2020, after the filing of the instant Motion. Defendant's projected release date is July 8, 2025. The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's Motion.

---

[1] R. Doc. 174.
[2] R. Doc. 178.

## II.   LAW AND ANALYSIS

The compassionate release statute states, in pertinent part:

> the court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.[3]

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that the Bureau of Prisons "bring a motion on the defendant's behalf."[4]

As clarified by the Court in *United States v. Franco*,[5] the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. *See* 18 U.S.C.§ 3582(c) (emphasis added).

Here, the Defendant's Motion is silent on whether he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or whether 30 days lapsed "from the receipt of such a request by the warden of [his] facility" as required by 18 U.S.C. § 3582(c)(1)(A). The Government, conversely, represents in its

---

[3] 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).
[4] *Id.*
[5] No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).

opposition that Defendant "has not made a request that the BOP 'bring a motion on the defendant's behalf.'"[6]

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Compassionate Release[7] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana the  1st  day of October, 2020.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] Doc. 178, p. 3. The Court notes that Defendant's release to home confinement does not render his request for compassionate release moot. Though Defendant's reason for seeking release was clearly his concern for his various medical conditions (R. Doc. 174, p. 1) and thus, his grounds for seeking compassionate release have, in large part, been resolved, he has not received the relief that would be imparted by a judgment granting relief under 18 U.S.C. § 3582. Accordingly, the Motion is not moot. Further, the process by which Defendant was released to home confinement did not serve to exhaust administrative remedies. As noted by the Government, the procedure by which Defendant was released to home confinement did not include exhaustion of administrative remedies through one of the two acceptable routes noted above. Rather, the Government represents that Defendant's release by BOP was authorized under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which provides the Attorney General with the authority to authorize to the Director of the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement…." CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). As this Court has noted, seeking release to home confinement under the CARES Act does not exhaust administrative remedies for purposes of a Motion under § 3582. *United States v. Alexander*, No. 14-126, 2020 WL 2468773, at *4-5 (M.D. La. May 13, 2020).
[7] R. Doc. 174.