UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION NO.

VERSUS                                        13-139-SDD-EWD

AHAOMA BONIFACE OHIA

## RULING AND ORDER

Before the Court are two *Motions for Sentence Reduction* brought pursuant to 18 U.S.C. § 3582 filed by Defendant Ahaoma Boniface Ohia ("Ohia").[1] The Government has opposes the Motions.[2] For the following reasons, Ohia's requests are denied.

### I.   Background

Ohia was tried by jury in June 2014 and found guilty of seven counts of health care fraud, in violation of 18 U.S.C. § 1347.[3] On December 2, 2014, he was sentenced to a total of 156 months imprisonment, and, upon release from imprisonment, Ohia was to spend two years on supervised release.[4] Ohia was also ordered to pay $1,239,283.58 in restitution.[5] On August 11, 2020, in light of the COVID-19 pandemic, Ohia was transferred to home confinement.[6] His projected "release" date is July 8, 2024.[7]

### II.   Law & Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[8] Under 18 U.S.C. § 3582(c), a court generally "may not

---

[1] R. Docs. 185 & 194.
[2] R. Docs. 187 & 195.
[3] R. Docs. 76 & 107.
[4] R. Doc. 107.
[5] R. Doc. 107.
[6] R. Doc. 178-1.
[7] *See* Bureau of Prisons, *Inmate Locator*, https://bop.gov/inmateloc/ (last visited November 8, 2023).
[8] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

modify a term of imprisonment once it has been imposed," except in three circumstances, only one of which is applicable here: upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), which provides the basis for Defendant's motion. Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Although § 1B1.13 of the United States Sentencing Guidelines is not the applicable policy statement for compassionate-release motions filed by prisoners and is not binding,[9] "the commentary to the United States Sentencing Guidelines… § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[10] In that provision, the Sentencing Commission has identified three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
>
> (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to

---

[9] *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).
[10] *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 933 Fed.Appx. 556, 557 (5th Cir. 2020)).

>provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>>(B) Age of the Defendant.—The defendant
>>>(i) is at least 65 years old;
>>>(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>>(C) Family Circumstances.—
>>>(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>>(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[11] The "extraordinary and compelling reasons" that may apply in this case are "(A) Medical Condition of the Defendant" and "(B) Age of the Defendant."

### a. Medical Condition of the Defendant

Ohia argues that his medical conditions constitute "extraordinary and compelling" reasons for relief under 18 U.S.C. § 3582. Ohia argues that he suffers from diabetes, an enlarged prostate, glaucoma, high cholesterol, arthritis,[12] and syncope (fainting spells).[13] Ohia does not argue that

---

[11] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

[12] R. Doc. 185-1, p. 5.

[13] R. Doc. 194. The medical records before the court do not support Ohia's assertion that he suffers from hyperlipidemia and syncope. Regardless, these conditions are not terminal.

his home confinement poses a threat to his health due to his medical conditions; rather, he appears to argue that because he has certain medical conditions, he should be free to enjoy his life without the restrictions posed by home confinement. At the time Ohia was released from BOP custody, records confirm he suffered from Type II Diabetes Mellitus, an enlarged prostate, and glaucoma. Ohia is also 69 years old. Ohia does not allege, nor do the medical records support, that any of these conditions are terminal illnesses. Rather, these conditions are "commonplace," the antithesis of "extraordinary."[14] Thus, Ohia is not entitled to relief due to his medical conditions.

### b. Age of Defendant

Though Ohia is now 69 years old, he does not argue that he has a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility…."[15] He also does not allege any facts to demonstrate that he is "experiencing a serious deterioration in physical or mental health because of the aging process…." Rather, he appears to be merely living with his various health conditions as he has done for many years.

Overall, Ohia's conditions are not extraordinary, as noted above. He has "run-of-the-mill" health conditions that can be largely expected of an aging person. As noted by the government, the reasons for the sentence imposed upon Ohia are as true today as they were when they were

---

[14] *Thompson*, 984 F.3d at 434 (noting that high cholesterol and hypertension are commonplace, not extraordinary, conditions, as 12% of Americans suffer from high cholesterol and nearly half suffer from hypertension). Ohia's medical conditions are similarly commonplace; approximately 11.3% of Americans from diabetes and over half of men over age 50 suffer from prostate enlargement (Benign Prostatic Hyperplasia or BPH). Centers for Disease Control and Prevention. National Diabetes Statistics Report website. https://www.cdc.gov/diabetes/data/statistics-report/index.html (last visited November 9, 2023); National Institute of Diabetes and Digestive and Kidney Diseases website. https://www.niddk.nih.gov/health-information/urologic-diseases/prostate-problems/prostate-enlargement-benign-prostatic-hyperplasia (last visited November 9, 2023). Additionally, courts have found glaucoma is not "extraordinary." *United States v. Marzon*, 2021 WL 4649799, at *3 (E.D. La. Oct. 7, 2021) (denying compassionate release and finding that glaucoma, an enlarged prostate, and back pain are not extraordinary).

[15] The applicability of this section is questionable because Ohia is not in "the environment of a correctional facility" since he is on home confinement, but out of an abundance of caution, the Court has entertained the argument.

issued.[16] The fact that Ohia has gotten older since his sentence was imposed is a fact of life and not extraordinary. Accordingly, Ohia has not demonstrated that he is entitled to relief under 18 U.S.C. § 3582(c)(1)(A).

### III. Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Motions for Sentence Reduction[17] filed by Ahaoma Boniface Ohia are **DENIED**.

Baton Rouge, Louisiana, this 13th day of November, 2022.

*Shelly D. Dick*
_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] R. Doc. 195, p. 2.
[17] R. Docs. 185 & 194.